ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of --                                 )
                                             )
Globe Trailer Manufacturing, Inc.            )      ASBCA No. 62594
                                             )
Under Contract No. W56HZV-11-D-0204          )

APPEARANCE FOR THE APPELLANT:         Rodney W. Stieger, Esq.
                                        Stinson LLP
                                        Denver, CO

APPEARANCES FOR THE GOVERNMENT:       Arthur M. Taylor, Esq.
                                        DCMA Chief Trial Attorney
                                      Michael T. Patterson, Esq.
                                        Trial Attorney
                                        Defense Contract Management Agency
                                        Chantilly, VA

OPINION BY ADMINISTRATIVE JUDGE D'ALESSANDRIS

Pending before the Board is the motion to dismiss for lack of subject matter jurisdiction filed by respondent, the Defense Contract Management Agency (DCMA or government). Appellant, Globe Trailer Manufacturing, Inc. (Globe) appeals from what it contends to be the deemed denial of its claim asserting constructive changes to a contract that was terminated for convenience in March 2014. In October 2014, Globe filed a termination settlement proposal (TSP I) asserting entitlement to $7.2 million. The contracting officer found partial merit and issued a final decision granting Globe $987 thousand. In December 2016, Globe appealed to the Board where the appeal was docketed as ASBCA No. 60979. In June 2017, Globe submitted a revised TSP (TSP II), asserting entitlement to $21 million for a termination based on the commercial item clause and its asserted constructive changes to the contract. The DCMA contracting officer did not issue a final decision regarding TSP II. In July 2019, the Board issued its decision on cross-motions for summary judgment regarding the proper calculation of a termination settlement for a contract requiring first item testing. *Globe Trailer Mfg.*, *Inc.*, ASBCA No. 60979, 19-1 BCA ¶ 37,392. We held that Globe's recovery in its TSP was limited to the first-item test contract line item amounts, and noted that Globe's constructive change allegations were not properly before the Board. *Id.* at 181,786.

Following the Board's decision, the parties again entered into settlement discussions. During these discussions, Globe provided government counsel with additional documentation, which it characterized as a supplement to its June 2017 TSP (TSP II Supplement) (gov't mot., ex. G-7). The transmittal email requested a contracting officer's

decision on the costs (*id.*). The email attached damages calculations and supporting documentation for its constructive change allegations (gov't mot., exs. G-8 to -9). The TSP II Supplement also included a certification of the claimed constructive change costs (*id.*, ex. G-10). The government subsequently informed Globe that the contracting officer would not issue a final decision, and Globe appealed to Board on the basis of a deemed denial.

The government filed a motion to dismiss Globe's appeal for lack of subject matter jurisdiction, alleging that there was not a valid claim because the TSP II Supplement was provided to government counsel, rather than a contracting officer. The government additionally alleges that jurisdiction is lacking because the June 2017 TSP II did not contain a sum certain while the TSP II Supplement did not request a final decision, and thus there was not a valid claim because no single document presented a valid claim. We hold that the July 2017 TSP II was not a valid claim, but that the TSP II Supplement is a valid claim, and that Global has properly appealed from the deemed denial of that claim, and deny the government's motion.

<u>STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION</u>

On September 21, 2011, the U.S. Army awarded Contract No. W56HZV-11-D-0204 and Delivery Order 0001 to Globe. The Contract was a five-year requirements contract for M870A4 low-bed semitrailers and related deliverables. (Compl. ¶ 7)[1] Globe alleges that the government directed multiple constructive changes to the contract (compl. ¶¶ 13-48).

Relevant to this appeal, the contract contained two termination for convenience clauses: FAR 52.212-4(l) for commercial items; and the standard clause, FAR 52.249-2 (compl. ¶ 50). On March 11, 2014, the U.S. Army terminated the Contract for convenience of the Government stating that the termination was issued pursuant to the FAR 52.212-4(l) termination for convenience clause for commercial item contracts (compl. ¶ 49). On November 12, 2014, Globe submitted its termination settlement proposal. Pursuant to the government's direction, Globe used Standard Form 1435 for an inventory-basis settlement proposal. (Compl. ¶ 51) On October 7, 2016, the Termination Contracting Officer (TCO) issued a final decision, applying the commercial item termination for convenience clause, and awarding Globe $987,345.76 (compl. ¶¶ 52-53).

On December 21, 2016, Globe appealed the TCO's final decision to the Board (compl. ¶ 54). The Board docketed the appeal as ASBCA No. 60979. On February 24,

---

[1] We assume the truth of the non-jurisdictional allegations in Globe's complaint for the purposes of this motion. However, the Board is permitted to make findings of fact regarding disputed jurisdictional facts. *L-3 Communications Integrated Sys., L.P.*, ASBCA Nos. 60713, 60716, 17-1 BCA ¶ 36,865 at 179,625.

2017, the parties jointly requested that the Board suspend the proceedings to allow Globe to file a commercial items settlement proposal, and a traditional government contract settlement proposal (compl. ¶ 55). On June 30, 2017, Globe submitted a revised termination settlement proposal. In its revised proposal, Globe claimed it was entitled to additional money under both the commercial items and standard termination clauses. Moreover, Globe asserted it was entitled to additional compensation for constructive changes. (Compl. ¶¶ 58-59) Specifically, the TSP II alleged constructive changes including: (1) a change to the gross vehicle weight; (2) a requirement to build deck extensions outside the payload area; (3) designating defective electrical specifications; (4) requiring a trailer attachment shackle for the loaded prime mover; (5) requiring a quality assurance plan exceeding contract specifications; (6) "recommending" that Globe provide an additional trailer and additional testing; and, (7) other miscellaneous changes (gov't mot., ex. G-5 at 39-46). Globe's TSP II contained a detailed calculation of its asserted damages (*id.* at 53-82), including a profit calculation (*id.* at 94-112); however, Globe's calculations did not break-out the costs associated with the asserted constructive changes. Rather, Globe's TSP II claimed its costs for all work it performed in a single calculation, without breaking-out the cost of the asserted extra-contractual constructive changes (*id.* at 53-82).

After the parties' settlement negotiations reached an impasse, the parties filed cross-motions for summary judgment in ASBCA No. 60979 (compl. ¶ 62). At the time of the cross-motions, the contracting officer had not issued a final decision on Globe's revised settlement proposal, and Globe had not appealed from a deemed denial of its revised settlement proposal (compl. ¶ 65). On July 11, 2019, the Board issued its decision on the cross-motions for summary judgment regarding the proper calculation of a termination settlement in a contract requiring first item testing. *Globe Trailer*, 19-1 BCA ¶ 37,392. With our jurisdiction premised solely upon an appeal of TSP I, we held that Globe's recovery was limited to the first-item test contract line item amounts, because its contract provided that work beyond first-item tests was performed at Globe's risk. *Id.* at 181,786. We additionally noted that "[r]esolution of Globe's motion, to the extent it alleges constructive change either as a factual issue regarding the percentage of contract work completed in the termination for convenience provision, or as a stand-alone basis for recovery, is not properly before the Board." *Id.*

Following receipt of the Board's decision, the parties again entered into settlement negotiations (compl. ¶ 66). On February 4, 2020, Globe submitted what it characterized as a position statement to the termination contracting officer (compl. ¶ 66). In response, the government requested a cost breakdown for the asserted constructive changes (compl. ¶ 67). By email on June 11, 2020, Globe provided supplemental materials to the government, including a spreadsheet with a cost breakdown for the asserted constructive changes (compl. ¶ 68). Globe included a certification for the

supplemental materials (*id.*).  The email was addressed and sent to government counsel (gov't mot., ex. G-7).  The email provided in part:

> I'm attaching the supplemental materials reflecting the sum certain sought in Globe's constructive change claim, along with a certification of the updated amount.  Globe's constructive claim was included in its June 2017 TSP and also addressed in its most recent Position Statement provided to the government on February 4, 2020 (which I've attached here as well for your convenience).
>
> The supplemental sum certain materials include a summary pdf (which provides a high-level overview of the spreadsheet data), and an excel spreadsheet containing the back-up data supporting Globe's constructive change claim.
>
> We look forward to receiving the Contracting Officer's Final Decision on or before July 13, 2020.

(*Id.*)

The summary file attached to the email asserted entitlement in the amount of $4,565,642.58 (gov't mot., ex. G-8).  The certification was attached to a separate email, also sent on June 11, 2020, and again addressed and sent to government counsel (gov't mot., ex. G-10).  The certification, signed by Globe's President, Jeffrey K. Walters, Sr., provides:

> This is to certify that this Constructive Change Costs Supplement to the June 30, 2017 Termination Settlement Proposal is made in good faith, that the supporting data are accurate and complete to the best of my knowledge and belief, that the amount claimed accurately reflects the termination costs for which the contractor believes the Government is liable and that I am duly authorized to certify this termination settlement proposal on behalf of the contractor.

(*Id.*)

The government states in its motion to dismiss that government counsel forwarded Globe's February 4, 2020 position statement, and the June 11, 2020 emails to the contracting officer on June 15, 2020 (gov't mot. at 5).  By email on June 22,

2020, government counsel informed Globe that the contracting officer would not issue a final decision (compl. ¶ 69).  On June 29, 2020, Globe filed a Notice of Appeal to the Board based upon an alleged "deemed denial of its Certified Claim for constructive changes to Contract Number W56HZV-11-D-0204" and identifying the amount in dispute as $4,565,642.58 (Notice of Appeal).  On July 2, 2020, the Board docketed the appeal as ASBCA No. 62594.

## DECISION

### I.  Standard of Review

Globe bears the burden of proving the Board's subject matter jurisdiction by a preponderance of the evidence.  *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *United Healthcare Partners, Inc.*, ASBCA No. 58123, 13 BCA ¶ 35,277 at 173,156.  Pursuant to the CDA 41 U.S.C. §§ 7101-09, a contractor may, "within 90 days from the date of receipt of a contracting officer's decision" under 41 U.S.C. § 7103, appeal the decision to an agency board.  41 U.S.C. § 7104(a).  Our reviewing court, the United States Court of Appeals for the Federal Circuit, has held that CDA jurisdiction requires "both a valid claim and a contracting officer's final decision on that claim."  *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010) (citing *James M. Ellett Constr. Co. v. United States*, 93 F.3d 1537, 1541-42 (Fed. Cir. 1996)).

### II.  Globe Asserted A Proper CDA Claim in the TSP II Supplement

The government asserts that the Board lacks jurisdiction because Globe failed to file a valid CDA claim (gov't mot. at 10).  According to the government, Globe's TPS II Supplement does not constitute a valid claim for two reasons: it was submitted to government counsel rather than a contracting officer; and it failed to make a written demand or assertion for a sum certain amount (*id.*).  Globe opposes the government's motion, pointing to the June 2017 TSP II, rather than the June 2020 TSP II Supplement, as the claim establishing jurisdiction before the Board (app. resp. at 1).  Globe further contends that, even if the June 2017 TSP II was not a valid claim, the TSP II combined with the TSP II Supplement constitutes a valid claim (*id.* at 14).  Globe also requests that, if we determine that there is not a valid claim, that we make a finding that Globe is not time-barred from asserting a new claim (*id.* at 17-20).

5

A. Jurisdictional Requirements for the Board to Review a CDA Claim

The CDA does not define the term "claim," thus, we turn to the definition contained in the Federal Acquisition Regulation (FAR):

> *Claim* means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract. However, a written demand or written assertion by the contractor seeking the payment of money exceeding $100,000 is not a claim under 41 U.S.C. chapter 71, Contract Disputes, until certified as required by the statute. A voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim. The submission may be converted to a claim, by written notice to the contracting officer as provided in 33.206(a), if it is disputed either as to liability or amount or is not acted upon in a reasonable time.

FAR 2.101. The Federal Circuit has held that an additional jurisdictional requirement is that a claim be submitted in writing and contain a "clear and unequivocal statement that gives . . . adequate notice of the basis and amount of the claim." *Contract Cleaning Maint., Inc. v. United States*, 811 F.2d 586, 592 (Fed. Cir. 1987); *M. Maropakis Carpentry*, 609 F.3d at 1327.

The Board treats a determination regarding the adequacy of a claim to be jurisdictional. *See, e.g., CCIE & Co.*, ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 at 174,816. "The statement of claim must provide a basis for meaningful dialogue between the parties aimed toward settlement or negotiated resolution of the claim if possible, or for adequate identification of the issues to facilitate litigation should that be necessary." *Blake Constr., Co.*, ASBCA No. 34480 *et al.*, 88-2 BCA ¶ 20,552 at 103,890; *see also Holk Dev., Inc.*, ASBCA Nos. 40579, 40609, 90-3 BCA ¶ 23,086 at 115,939.

B. The June 2017 TSP II Is Not A Valid CDA Claim

We hold that Globe's June 2017 TSP II was not a valid CDA claim. While the TSP II nominally meets the requirements of claim because it was submitted in writing to the contracting officer, was a demand for payment of money as of right, was in a sum certain amount and was certified (gov't mot., ex. G-5), the binding precedent of the Federal Circuit, holds that a TSP is not a claim. *James M. Ellett Constr. Co. v.*

6

*United States*, 93 F.3d 1537, 1543-44 (Fed. Cir. 1996). The government contends that the June 2017 TSP II was not a valid claim because it did not request a sum certain amount for the constructive change claim, and did not make a written request or assertion seeking a contracting officer's final decision (gov't mot. at 1). We agree, although our holding is more nuanced than the government's argument.

The government's first argument, that Globe's TSP II did not assert a claim for payment of money in a sum certain is premised upon two purported requirements that are not actually contained in the CDA. First, the government contends that Globe failed to assert a claim for a sum certain amount because the TSP II, which clearly contained a sum certain amount,[2] did not break-out a sum certain amount for the constructive change claim (gov't reply at 3). Second, the government contends that Globe failed to assert a claim in a sum certain amount because its constructive change claim was improperly asserted in a termination settlement proposal, rather than a stand-alone claim (gov't reply at 2, 7). Conversely, Globe contends that the TSP II was a valid CDA claim because it was a non-routine sum certain request for payment (app. resp. at 2) and was not required to expressly request a contracting officer's final decision because the submission of TSP II triggered the same obligations as TSP I, which was the subject of a contacting officer's final decision, and because TSP II impliedly requested a final decision (*id.* at 7-11).

The government's first argument, that Globe failed to assert a sum certain, is partially correct. The CDA does not contain a requirement that the "sum certain" contain a specific itemization of costs. As Globe notes (app. resp. at 12), it is well-established that a "contractor's claim 'need not include a detailed breakdown of costs. . . . [T]he contractor may supply adequate notice of the basis and amount of the claim without accounting for each cost component.'" *H.L. Smith, Inc. v. Dalton*, 49 F. 3d 1563, 1565 (Fed. Cir. 1995); *see also Lockheed Martin Corp.*, ASBCA No. 53226, 03-1 BCA ¶ 32,059 at 158,465-66; *Applied Tech. Associates, Inc.*, ASBCA No. 49200, 96-2 BCA ¶ 28,394 at 141,800.

Here, Globe presented a detailed breakdown of costs, but did not break-out the labor and materials associated with its allegations of constructive change from the labor and materials associated with performing the work it alleges was within the scope of the contract (gov't mot., ex. G-5 at 53-82). This likely would have been sufficient to provide the Board with jurisdiction to entertain its appeal *if* the TSP II were a claim. However, a TSP is not a claim, rather "[w]hen a contractor submits a termination settlement proposal, it is for the purpose of negotiation, not for a

---

[2] Globe's submission of a claim asserting two claim amounts based on the same facts but two legal theories satisfies the sum certain requirement. *See Heyl & Patterson, Inc. v. O'Keefe*, 986 F.2d 480, 484 (Fed. Cir. 1993) (*rev'd on other grounds Reflectone, Inc. v. Dalton*, 60 F.3d 1572 (Fed. Cir. 1995) (*en banc*)).

contracting officer's decision. A settlement proposal is just that: a proposal." *James M. Ellett*, 93 F.3d at 1543-44 (citing 48 C.F.R. § 49.001 (1995)). Thus, to the extent that Globe was asserting a claim for constructive changes, it was combined with a negotiating proposal into a single dollar amount. Because Globe did not break out a sum certain for the constructive change portion of the TSP II, there was not a determinable sum certain pertaining to the potential claim.

The government's reliance upon *GAP Instrument Corp.*, ASBCA No. 55041, 06-2 BCA ¶ 33,375 at 165,457 for the proposition that the Board lacks jurisdiction to entertain new entitlement issues without a discernable sum certain, is misplaced (gov't reply at 12). In *GAP*, the contractor prevailed in a decision on entitlement; however, the parties were not able to agree on damages. GAP then attempted to assert new claims that were not addressed in the entitlement decision, in its submission to the contracting officer seeking to quantify its damages consistent with the Board's decision. We held that GAP had not asserted a "claim" that we could exercise jurisdiction over under a theory of a deemed denial because there was no sum certain for the newly asserted claim. GAP had asserted a single sum certain comprising both the new claims and the claims that had already been to the board. *GAP*, 06-2 BCA ¶ 33,375 at 165,457.

The government additionally alleges that Globe did not assert a sum certain in its TSP II because it asserted entitlement to compensation for purported constructive changes in a termination settlement proposal rather than in an engineering change proposal. This argument fails because there is no requirement that a claim be presented in a particular format. "We know of no requirement in the Disputes Act that a 'claim' must be submitted in any particular form or use any particular wording." *Contract Cleaning Maint.*, 811 F.2d at 592; *see also Grunley-Walsh Constr. Co.*, ASBCA No. 30459, 88-1 BCA ¶ 20,279 at 102,620.

The government cites to *Individual Dev. Associates, Inc.*, ASBCA No. 53910, 04-2 BCA ¶ 32,740 at 161,925, for the proposition that constructive change costs cannot be asserted as part of a termination settlement (gov't reply at 7). However, *Individual Development* is not on point. In that appeal, the contractor asserted that the termination for convenience was itself a change to the contract, despite the contract containing the standard termination clause. *Individual Development*, 04-2 BCA ¶ 32,740 at 161,925. The language from *Individual Development* relied upon by the government in this appeal, "no change to the contract terms and conditions results from this termination" indicates that the termination itself was not a change to the contract and does not provide that a constructive change claim cannot be asserted in the same document as a termination settlement proposal. *Id.* Here, Globe is asserting a change to the contract independent of the government's action of terminating the contract for convenience.

We agree with the government that Globe failed to request a contracting officer's final decision in submitting the TSP II. As Globe notes (app. resp. at 10) Board precedent holds that a contractor need not expressly request a final decision. *See, e.g., Grunley-Walsh*, 88-1 BCA ¶ 20,279 at 102,620. Rather, the request for a final decision can be implied by the circumstances surrounding the submission. However, here, Globe is arguing that it impliedly requested a contracting officer's final decision by submitting a document expressly captioned as a TSP which is a document that is submitted "for the purpose of negotiation, not for a contracting officer's decision." *James M. Ellett*, 93 F.3d at 1543. Thus, we hold that Globe's TSP II was not a valid CDA claim when submitted.[3]

### C.  The June 2020 TSP II Supplement Was a Valid CDA Claim

The government asserts that Globe's TSP II Supplement was not a claim because it was not provided to the contracting officer, and because Globe did not make a written demand or assertion (gov't mot. at 10). Globe contends that, to the extent the TSP II was not a claim, that the TSP II Supplement provided a sum certain and that the two documents, combined, created a valid claim. Globe asserts that submission of the TSP II Supplement to government counsel was sufficient to establish jurisdiction and that its request for a contracting officer's final decision was satisfied by the TSP II in June 2017 (app. resp. at 14-17). We agree that the TSP II Supplement presents a valid claim.

The government's first argument, that Globe has not submitted a valid claim because it did not submit the TSP II Supplement to a contracting officer (gov't mot. at 10-15), is easily dismissed. As noted in the facts, the TSP II Supplement was provided to government counsel and government counsel forwarded the TSP II Supplement to the contracting officer (gov't mot. at 5). As Globe correctly notes, the contractor does not need to provide its claim directly to the contracting officer for jurisdiction to vest (app. resp. at 16-17). "[T]he route by which the claim letter arrived on the contracting officer's desk is of no jurisdictional relevance." *Nat'l Gypsum Co.*, ASBCA No. 53259, 01-2 BCA ¶ 31,532 at 155,673 (citing *Dawco Constr., Inc. v. United States*, 930 F.2d 872, 879-80 (Fed. Cir. 1991), *overruled in part on other grounds, Reflectone, Inc. v. Dalton*, 60 F. 3d 1572 (Fed. Cir. 1995) (*en banc*)). The

---

[3] A TSP can ripen into a claim when settlement negotiations reach an impasse. *See, e.g., James M. Ellett*, 93 F.3d at 1544. Globe contends that its claim did not accrue until sometime between May 22, 2020 and June 22, 2020, when its settlement negotiations reached an impasse (app. resp. at 19-20). The government's motion does not raise a statute of limitations defense. Because we hold that the TSP II Supplement creates a valid CDA claim, we do not reach the question of whether the TSP II was transformed into a claim due to an impasse in negotiations, or when such a claim would have accrued.

government concedes in its motion that government counsel forwarded the TSP II Supplement to the contracting officer (gov't mot. at 5). Thus, the jurisdictional requirement that a claim be submitted to the contracting officer is satisfied.

The government's second argument, that the TSP II Supplement did not make a written assertion demanding payment of the sum certain amount, is a closer call. Considering the totality of the communications, we hold that Globe made a demand for payment. While the government's motion is based on the fact that Globe did not make a demand to the contracting officer, its argument ignores the June 11, 2020 email because it was sent to government counsel rather than directly to the contracting officer (gov't mot. at 17-18). For this reason, the government's reliance upon our holding in *Winding Specialists Co., Inc.*, ASBCA No. 37765, 89-2 BCA ¶ 21,737 is not relevant. As discussed above, the fact that the letter was sent to government counsel rather than directly to the contracting officer is not jurisdictionally relevant. Globe's June 11, 2020 email provides that Globe's counsel had:

> [A]ttach[ed] the supplemental materials reflecting the sum certain sought in Globe's constructive change claim, along with a certification of the updated amount. Globe's constructive claim was included in its June 2017 TSP and also addressed in its most recent Position Statement provided to the government on February 4, 2020 (which I've attached here as well for your convenience). . . . We look forward to receiving the Contracting Officer's Final Decision on or before July 13, 2020

(Gov't mot., ex. G-7) Thus, the email and attachments, assert entitlement to a sum certain amount and request a decision from the contracting officer. In addition, Globe included a certification of the claim amount. This is all that is required for the Board to take jurisdiction of the claim.

Finally, as we hold that the TSP II Supplement forms a valid claim, we need not reach Globe's request that we hold that a later submitted claim would be timely pursuant to the CDA's statute of limitations (app. resp. at 17-20).[4]

---

[4] Although we do not reach the statute of limitations issue, we note that Globe is requesting an advisory opinion.

## CONCLUSION

For the reasons stated above, the government's motion to dismiss is denied.

Dated: January 28, 2021

DAVID D'ALESSANDRIS
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62594, Appeal of Globe Trailer Manufacturing, Inc., rendered in conformance with the Board's Charter.

Dated:  January 28, 2021

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals